Chief justice Robertson
delivered the Opinion of the Court.
This writ of error is brought to reverse a judgment obtainedby Brush against Lockwood, in an action on the following covenant: — “Georgetown, Nov. 7th, 182,8— “ I engage and promise to pay Henry Brush one hun- “ dred dollars for services to be rendered in managing “ for me an action of ejectment,in the Circuit Court U. u S. against Samuel Ellis, Brown county, Ohio, to be “ brought in said Court for me, by said Brush, as my “ attorney and counsel.” (Signed)
Jlntho: Lockwood, [Seal.]
The declaration averred a performance of the stipulated professional services; and that averment being traversed by plea, a jury, sworn to'try the issue thus concluded, found a verdict for the amount covenanted to be paid, and some interest, in damages, for which the court rendered judgment.
The only question presented for revision, is whether the Circuit Judge erred in instructing the jury that, Brush had a legal right to recover if he had performed any substantial service as attorney and counsel in the case mentioned in the covenant.
Understanding, as we do, that the performance of the stipulated services was a condition precedent, there can be no doubt that the performance of all the services contemplated by the parties to the covenant was indispensable to the maintainance of this form of action. And we interpret the covenant to mean, that Brush was to bring the action of ejectment, and prosecute it to final judgment, with proper skill and diligence. Consequently, the instruction given by the Circuit Court, was erroneous, and should be deemed to have been prejudicial, if there was any fact before the jury which might have *434 authorized the deduction that Brush had not performed fully and faithfully, all the services which it was his duty to render.
Upon the condition that an attorney brought a certain suit and prosecuted it to final judg't, his client covenanted to pay him a certain fee. In an action on this covenant, the plt’f produced a record of the suit described in it, by which it appeared that, he had instituted the suit, and that the judg't had been recovered: held that this was conclusive, that the plt’f had brought the suit, andprima facie evihad prosecuted it with due diligence so to the end and so, had performed the con-part" But there was an agree-record"th which was signed by other persons, for the pltf there-though this tid not prove any pan of the covenantee, it tended tralize the"evidence of per-p°arT.anCresuiting from the. had been reaver ed — leaving that of the jury: instructions, therefore that if the arevei sai altho, if there had been no countei vai therefore, that if the covenantee had performed any substantial services in the case, are sufficient for ing proof, as the instructions-. could, not-, then have been injurious, though abstractly erroneous, there would, have been no reversal on that ground.
*434 The only evidence tending to prove that Brush had rendered any service, was, an authenticated copy of the record of an action of ejectment instituted in the Circuit Court of the United States in the State of Ohio, on the demise of Lockwood and others against Ellis and others, in December, 1828; and which showed that Brush, as the attorney of the plaintiffs, had brought the suit, and that, in due time, a judgment of eviction was obtained.
That record, being, as it was, the only evidence before the jury, and identifying, as we also think it did, the suit brought with that intended by the covenant — was conclusive proof of the fact that Brush instituted the action, as Lockwood’s attorney, and was prima facie evidence, also, of the fact that the same attorney procured the final judgment, and had done, of course, all thaj he had undertaken to do as the consideration for the stipulated fee. ■
Had the record contained no other fact material to the 'sslle> we should, therefore, have been of the opinion that the instruction now complained of, though abstractty erroneous, could not have operated to the prejudice of Lockwood; because, upon thei hypothesis just suggested, the record being evidence of full and proper performance by Brush of his professional engagement, it would have been the duty of the jury to have found a verdict for him without any instruction from the Court.
But the record also shows that, an agreement, made the pendency of the action of ejectment, for using a copy of a survey filed in another suit, was signed ^y “Hamer” and “Bowner” — “for the plaintiffs.” This fact does not prove, either that Brush was not then act-ing as counsel for Lockwood, or that he had neglected to ¿o whatever it was his duty to do. But it certainty tends to repel, or rather to neutralize, the presumption, otherwise arising from the record, that Brush procured the judgment and faithfully performed all the service he pad undertaken to perform; and therefore, as to any service than that rendered in bringing the eject- *435 meat, the record furnishes apparently conflicting and nearly equiponderant presumptions, which the jury alone had a right to weigh and determine.
A deposition of wa objected tayanse it was taken by a singie justice, in to repel that objection, pltf s atto. show-apped Ibr^he dedimus, the desent, said that one justice would be sufficient; but the latter stated, that, though that was then his option did au agreement binding on his client : — under these circumstan ces, if the deposition had been admitted, as the objection to it, was purely technical, this court would not have reversed, for that cause; yet it will not decide that the deposition may be read on,a future trial.
Consequently, as the jury had a right, on the record as thus - presented, to find that there- was no proof that Brush had done more than was implied by his bringing the action, and as, according to our construction of the covenant, that alone, though a “substantial” and valuable service, yvas not all that he was bound to do, before he could main tain this suit, the Circuit Judge erred to the prejudice of Lockwood, in instructing the jury to find against him, if they should believe that Brush had renderedjfor him “any substantial service
The Circuit Judge had rejected depositions which would have proved satisfactorily, had they been read*, that Brush had performed; all the services, he ought to have rendered.
The only cause of the rejection was the fact, that the depositions had been taken in the State of Ohio, before a single justice of the peace, without any express order of Court, or consent, of Lockwood, waiving the legal . . . ... . , r r • i requisition oí two justices in such a case-oi foreign depositions. To'repel that objection, the counsel for Brush . , , 1 J . T ’ . , . , , , . proved that the attorney oí Lockwood had told him5> when he1 was about to get a dedimus potestatmn fox- taking the depositions, that the law required only one justice-to take and to certify them;- but Lockwood’s attorney affirmed in Court that, in-making tha-t suggestion, he only expressed his then candid opinion, and did not thereby intend to bind hi-s client by any consent to take the depositions. in any particular mode. ,
Had the Circuit Judge, -under such circumstances, admitted the depositions, we-should-not have been inclined to reverse the judgment — for, the objection itself being purely formal, no injustice could have been done, and the conduct of Lockwood’s counsel had doubtless helped to lead to the technical omission, of which he afterwards took advantage for his client.
*436 But, as the case is to be remanded for another trial, and as we are of the opinion that the acts of the attorney were scarcely sufficient to conclude his client by any implied waiver of objection to the taking of the depositions before one justice only, we shall not decide that the depositions may be read without express consent.
Judgment reversed, and cause remanded for a new trial.